**UNITED STATES COURT OF INTERNATIONAL TRADE**

| | |
|---|---|
| **AL JAZEERA STEEL PRODUCTS CO. SAOG,**<br><br>                              **Plaintiff,**<br><br>        **v.**<br><br>**UNITED STATES,**<br><br>                              **Defendant.** | **Court No. 26-1061** |

## COMPLAINT

Plaintiff Al Jazeera Steel Products Co. SAOG ("Al Jazeera" or "AJSP"), by and through its undersigned counsel, hereby brings this action against the United States ("Defendant"), and alleges and states as set forth below.

## INTRODUCTION

1. This action challenges, as unsupported by substantial evidence and otherwise not in accordance with law, the final determination of the U.S. Department of Commerce ("Commerce") that imports of circular welded carbon quality steel pipe ("CWP") produced in the Sultanate of Oman ("Oman") using hot-rolled steel ("HRS") produced in the People's Republic of China ("China") are circumventing the antidumping duty ("AD") and countervailing duty ("CVD") orders on CWP from China.

## ADMINISTRATIVE DECISION TO BE REVIEWED

2. Paragraph 1 is realleged and incorporated herein by reference.

3. Al Jazeera contests Commerce's final determination that imports of CWP produced in Oman using hot-rolled steel produced in China are circumventing the AD and CVD orders on CWP from China.  See, *Circular Welded Carbon Quality Steel Pipe from the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and*

*Countervailing Duty Orders*, 91 Fed. Reg. 4871 (Dep't Commerce Feb. 3, 2026) (the "*Final Determination*"), and accompanying Final Decision Memorandum ("FDM").

## JURISDICTION

4.  Paragraphs 1 to 3 are realleged and incorporated herein by reference.

5.  Al Jazeera brings this action pursuant to 19 U.S.C. § 1516a(a)(2)(A)(ii) and (B)(vi) to contest Commerce's *Final Results* under 19 U.S.C. § 1675.  Accordingly, this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1581(c).

## STANDING

6.  Paragraphs 1 to 5 are realleged and incorporated herein by reference.

7.  Al Jazeera is an Omani producer and exporter of subject merchandise that participated in the proceeding resulting in the contested determination by submitting factual information and legal argument.  Accordingly, Al Jazeera is an interested party within the meaning of 28 U.S.C. § 2631(k)(1), 19 U.S.C. §§ 1516a(f)(3) and 1677(9)(A), and is a party to the proceeding within the meaning of 28 U.S.C. § 2631(c).

## TIMELINESS

8.  Paragraphs 1 to 7 are realleged and incorporated herein by reference.

9.  Commerce published the *Final Determination* on February 3, 2026.  See *Final Determination, supra*.  This action was commenced by the filing of a Summons, on February 19, 2026, within 30 days after the publication of the *Final Determination*; and by the filing of this Complaint within 30 days after the filing of the Summons.  Thus, this action was timely commenced pursuant to 19 U.S.C. § 1516a(a)(2)(A), 28 U.S.C. § 2636(c), and Rule 3 of the Rules of this Court.

## STATEMENT OF FACTS

10. Plaintiff incorporates by reference paragraphs 1 through 9 of this Complaint.

11. There is an AD order on CWP from Oman, published as *Circular Welded Carbon-Quality Steel Pipe From the Sultanate of Oman, Pakistan, and the United Arab Emirates: Amended Final Affirmative Antidumping Duty Determination and Antidumping Duty Orders*, 81 Fed. Reg. 91,906 (Dep't Commerce Dec. 19, 2016).

12. There are AD and CVD orders on CWP from China, published as *Notice of Antidumping Duty Order: Circular Welded Carbon Quality Steel Pipe from the People's Republic of China*, 73 Fed. Reg. 42,547 (Dep't Commerce July 22, 2008) ("*AD Order*"); and *Circular Welded Carbon Quality Steel Pipe from the People's Republic of China:  Notice of Amended Final Affirmative Countervailing Duty Determination and Notice of Countervailing Duty Order*, 73 Fed. Reg. 42,545 (Dep't Commerce July 22, 2008) ("*CVD Order*") (collectively, "*The Orders*").

13. On July 9, 2024, pursuant to section 781(b) of the Tariff Act of 1930, as amended (the Act), and 19 CFR § 351.226(i), the domestic interested parties ("DIPs") – consisting of Bull Moose Tube Company, Maruichi American Corporation, Wheatland Tube Company, and the United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union, AFL-CIO, CLC – filed circumvention inquiry requests alleging that CWP produced in Oman using HRS manufactured in China is circumventing the AD and CVD *Orders* on CWP from China and, accordingly, should be included within the scope of the *Orders* (the "Initial Requests").

14. On July 19, 2024, Al Jazeera filed comments on DIPs' Initial Requests, containing new information to demonstrate the inadequacy of the DIPs' Initial Requests and asking Commerce to decline to initiate the requested inquiry.

15. On August 28, 2024, Commerce issued a letter finding that DIPs' Initial Requests were inadequate and requesting additional information, extending the 30-day period mandated by 19 CFR §351.226(d)(1)(ii) for Commerce to consider initiating the proceeding so as to begin when the DIPs responded to Commerce's additional questions rather than from the date on which DIPs filed their Initial Requests.

16. On September 27, 2024, DIPs filed a document styled as a "Request for Circumvention Inquiry" ("Second Request").

17. On October 7, 2024, Al Jazeera filed comments asserting that DIPs' Second Request failed to satisfy the statutory requirements for an anticircumvention request and asking Commerce to decline to initiate the inquiry.

18. On October 28, 2024, Commerce rejected Al Jazeera's October 7, 2024, submission, asserting that Commerce's regulations do not allow interested parties to file comments on a renewed request for an inquiry that DIPs may file after Commerce issues supplemental questions concerning an initial request.

19. On October 25, 2024, Commerce extended by 15 days its deadline for deciding whether to initiate the requested inquiry.

20. On November 19, 2024, Commerce published its initiation of the inquiry as *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China: Initiation of Circumvention Inquiry on the Antidumping and Countervailing Duty Orders,* 89 Fed. Reg. 91,327 (Dep't Commerce Nov. 19, 2024).

21. On January 13, 2025, Commerce issued a "respondent selection" memo, identifying Al Jazeera as the sole mandatory respondent.

22. On February 4, 2025, Commerce issued a questionnaire to Al Jazeera.

23. On March 11, 2025, Al Jazeera filed its questionnaire response.

24. On March 31, 2025, Commerce issued a supplemental questionnaire to Al Jazeera.

25. On April 16, 2025, Al Jazeera filed its supplemental questionnaire response.

26. On May 23, 2025, Commerce issued a second supplemental questionnaire to Al Jazeera.

27. On June 6, 2025, Al Jazeera filed its response to the second supplemental questionnaire.

28. On March 18, 2025, Commerce extended its deadline for issuance of a preliminary determination to July 27, 2025.

29. On July 22, 2025, Commerce published its preliminary determination, as *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China: Preliminary Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 90 Fed. Reg. 34,427 (Dep't. Commerce July 22, 2025), together with its "*Preliminary Decision Memorandum for the Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders*" (July 17, 2025) ("PDM") and its "*Preliminary Analysis Memorandum for Al Jazeera Steel Products Co., SAOG*" (July 17, 2025).

30. On August 7, 2025, Al Jazeera filed its case brief asserting errors in Commerce's preliminary determination, and asserting, *inter alia*, that –

    a.  A single product from a single country cannot be subject to multiple, overlapping AD and/or CVD orders;

    b.  Commerce erred in failing to consider information outside Commerce's stated period of inquiry;

    c.  The record does not reflect a "clear changing pattern of trade" as required for an affirmative determination;

d.  Imports of hot-rolled steel ("HRS") into Oman did not increase after the imposition of the Orders on CWP from China.

31. On August 21, 2025, Commerce extended its deadline for issuance of a final determination by 65 days, from its then-current deadline of September 15, 2025, to November 19, 2025.

32. On November 17, 2025, Commerce tolled its deadline in all proceedings by 47 days because of the government shutdown from October 1, 2025 through November 13, 2025.

33. On December 18, 2025, Al Jazeera filed a "notice of subsequent authority," asserting that Commerce's preliminary determination was inconsistent with *Seah Steel Vina Corp. v. United States,* Slip Op. 25-157 (Ct. Int'l Trade December 15, 2025).

34. On February 3, 2026, Commerce published its final determination as *Circular Welded Carbon Quality Steel Pipe From the People's Republic of China: Final Affirmative Determination of Circumvention of the Antidumping Duty and Countervailing Duty Orders*, 91 Fed. Reg. 4,871 (Dep't Commerce Feb. 3, 2026), accompanied by Commerce's "Final Decision Memorandum for the Circumvention Inquiry on the Antidumping Duty and Countervailing Duty Orders" (Jan. 29, 2026) ("FDM").

35. This appeal followed.

## STATEMENT OF CLAIMS

### COUNT ONE

**A Single Product From A Single Country Cannot Be Subject
To Multiple Antidumping Orders**

36. Plaintiff incorporates by reference paragraphs 1 through 35 of this Complaint.

37. Commerce's position that a particular product produced in a particular country may be subject to multiple AD orders and/or multiple CVD orders is inconsistent with Commerce's own precedent and with the law.

## COUNT TWO

### Commerce Erred In Failing To Consider Information Outside Commerce's Stated Period Of Inquiry

38. Plaintiff incorporates by reference paragraphs 1 through 37 of this Complaint.

39. Commerce's refusal to consider information provided by Al Jazeera relating to periods outside Commerce's "period of inquiry" (2019-2023) and Commerce's "comparison period" (2014-2018) was unlawful and constituted an abuse of discretion.

## COUNT THREE

### Commerce's Conclusions Concerning The "Pattern Of Trade" Are Not Supported By Substantial Evidence And Are Inconsistent With Binding Precedents

40. Plaintiff incorporates by reference paragraphs 1 through 39 of this Complaint.

41. Commerce's precedents require "a clear changing pattern of trade for affirmative circumvention determinations," as articulated in *Welded Carbon Steel Standard Pipes and Tubes from India: Preliminary Negative Determinations of Circumvention of the Antidumping Order*, 87 Fed. Reg. 52,507 (Dep't Commerce Aug. 26, 2022).

42. Commerce's analysis of the patterns of trade in the instant case was not supported by substantial evidence and did not properly apply the standard articulated in the stated precedent.

43. Commerce's conclusions concerning patterns of trade are therefore unsupported by substantial evidence and unlawful.

## COUNT FOUR

### Commerce's Finding That Imports Of HRS Into Oman Increased After The Issuance Of The China CWP Orders Is Not Supported By Substantial Evidence And Is Otherwise Unlawful

44. Plaintiff incorporates by reference paragraphs 1 through 43 of this Complaint.

45. Commerce analyzed whether imports of HRS into Oman increased after the issuance, in 2008, of the AD/CVD Orders on CWP from China by examining such imports in its period of inquiry, 2019-2023, and its "comparison period," 2014-2018.

46. Commerce's analysis fails to consider whether imports of HRS into Oman from China increased following upon the issuance of the China AD/CVD orders in 2008, as required by the law.

47. Commerce's analysis of whether imports of HRS into Oman from China increased after the issuance of the Orders on CWP from China is unsupported by substantial evidence and otherwise unlawful insofar as it fails to consider the time period required by the statute.

## PRAYER FOR JUDGMENT AND RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff requests that this Court enter judgment as follows:

(A)    Enter judgment in favor of Plaintiff;

(B)    Hold unlawful Commerce's legal determination that imports of a given product from a given country, *e.g.*, CWP from Oman, may be subject to multiple, overlapping AD and/or CVD orders.

(C)    Hold unlawful Commerce's determination that imports of CWP from Oman are circumventing the AD/CVD orders on CWP from China;

8

(D)    Direct Commerce to reconsider its findings with respect to the time periods for which the agency is required to consider data relating to patterns of trade and increases in imports of Chinese HRS into Oman;

(E)    Direct Commerce to reconsider the "pattens of trade" in light of the precedents of the agency and the courts;

(F)    Direct Commerce to reconsider whether imports of Chinese HRS into Oman increased after the 2008 AD/CVD orders on CWP from China, taking into account such imports from 2008 onward;

(G)    Remand for a redetermination in harmony with the Court's decision; and

(H)    Grant Plaintiff such additional relief as the Court deems just and proper.

Respectfully submitted,

/s/ *David L. Simon*

David L. Simon
LAW OFFICES OF DAVID L. SIMON, PLLC
1025 Connecticut Ave., N.W., Ste. 1000
Washington, D.C. 20036
(202) 236-2417
dlsimon@dlsimon.com

Counsel for Plaintiff

Dated:  March 18, 2026

## **CERTIFICATE OF SERVICE**

I certify that copies of the complaint in the above-captioned case were served by certified mail, return receipt requested, on this March 18, 2026, upon each of the interested parties listed below:

Supervising Attorney
Civil Division, Commercial Litigation Branch
U.S. Department of Justice
1100 L Street, NW
PO Box 480
Ben Franklin Station
Washington, DC 20044

General Counsel
U.S. Department of Commerce
14th Street & Constitution Avenue, N.W.
Washington, DC 20230

Attorney-in-Charge
International Trade Field Office
U.S. Department of Justice, Civil Division
Room 346, Third Floor
26 Federal Plaza
New York, NY 10278

On behalf of:
Nucor Tubular Products Inc.
Robert E DeFrancesco III, Esq.
Wiley Rein LLP
2050 M Street, NW
Washington, DC 20036

On behalf of:
Bull Moose Tube Company, *et al*.
Luke A. Meisner, Esq.
Schagrin Associates
900 7th Street, NW
Suite 500
Washington, DC 20001

/s/ *David L. Simon*

David L. Simon
LAW OFFICES OF DAVID L. SIMON, PLLC
1025 Connecticut Ave., NW, Ste 1000
Washington, DC 20036
(202) 236-2417
*Counsel for Plaintiff*

Dated: March 18, 2026